UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CHARLOTTE CRIST                              CIVIL ACTION

VERSUS                                       NO. 10-1598

WAL-MART STORES, INC.                        SECTION "C" (2)

ORDER AND REASONS

This removed matter comes before the Court on the issue whether the jurisdictional amount existed at the time of removal. Having reviewed the record, the stipulation of the parties and the law, the Court has determined that remand is appropriate for the following reasons.

The plaintiff's petition concerns personal injuries allegedly sustained when "an unknown employee struck her in the back with a metal display rack" at the defendant's store in New Orleans on July 19, 2009. A jury trial was requested in state court. This matter was removed on the basis of diversity jurisdiction.

With regard to the existence of the jurisdictional minimum, the parties may neither consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999). Bare assertions by the removing party are

insufficient to invest a federal court of jurisdiction.  *Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A.*, 988 F.2d 559 (5th Cir. 1993).  Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this.  *Id.*; *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999).  In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. *Id.*   This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum.  *Id.*  It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation."  *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287, fn. 10 (1938), citing, *McNutt v. General Motors Corp.*, 298 U.S. 178, 182-189 (1936); *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039 (5th Cir. 1982).

  The defendant has not met their burden to show that the jurisdictional amount is facially apparent for present purposes, nor have they made a showing sufficiently particularized to meet their burden.  (Rec. Doc. 7).  Neither party provides affirmative

proof of damages. The memoranda do contain unsupported statements that the plaintiff has been diagnosed with muscle strain, cervical and thoracic sprain. They also indicate that MRIs have revealed abnormalities in the cervical and thoracic regions. No diagnosis is provided with regard to these findings, and no recommendation for surgery is mentioned. According to the defendant, the plaintiff has incurred $12,000 in medical bills. According to the plaintiff, the defendant offered $2,000 in settlement in April 2010.

The defendant relies on four cases to support the existence of the jurisdictional minimum. The Court finds that the cases are distinguishable. In *Trahan v. DeVille*, 933 So.2d 187 (La. App. 3rd Cir. 2006), the plaintiff was diagnosed with chronic pain for which there was no surgical solution and received a $75,000 general damage award to a plaintiff whose professional and recreational activities were significantly limited; those circumstances have not been shown here. As previously noted by the undersigned, in *Hoyt v. Gray Insurance Co.*, 809 So.2d 1076 (La. app. 4th Cir. 2002), the plaintiffs were found to have "disabling injuries" with "long-range implications." *Kern v. State Farm Mutual Insurance Co.*, 2005 WL 3543731 (E.D.La.); *Keller v. Sally Beauty Co., Inc.*, 2005 WL 757354 (E.D.La.). Again, proof as to those circumstances have not been presented here. The defendant's comparison to *Rehm v. Morgan*, 885 So.2d 687 (La. App. 5th Cir. 2004)

and *Simon v. LaCoste*, 918 So.2d 1102 (La.App. 3rd Cir. 2005) are unpersuasive; neither provide support for the jurisdictional minimum here. Instead, this record lacks the medical diagnoses and opinion as to causation to support removal based on diversity jurisdiction.

Based on the record and the law, the Court finds that the defendants have not established subject matter jurisdiction. In addition, the Court is mindful that removal jurisdiction is strictly construed. See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d $(5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721. When subject matter jurisdiction is doubtful, remand is appropriate. C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil* §3739.

Accordingly,

IT IS ORDERED that this matter is REMANDED to the Civil District Court for the Parish of Orleans, State of Louisiana, for lack of jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 7th day of July, 2010.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE